JKG

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET A. CONNER,<br>Plaintiff, | CIVIL ACTION |
| v. | No. 5:08-cv-05057-J. K. Gardner |
| LANCASTER COUNTY, Pennsylvania,<br>TROY HATFIELD, in his individual<br>capacity,<br>and STEVEN WEISS,<br>Defendants. | Jury Trial Demanded |

FILED

## FIRST AMENDED COMPLAINT

**Defendant Lancaster County**
Federal Question: 42 U.S.C. § 1983 (14th Amendment Municipal Liability), Sex Harassment Discrimination & Retaliation – Employment

**Defendant Troy Hatfield**
Federal Question: 42 U.S.C. § 1983 (14th Amendment Supervisor Liability)

**Defendant Steven Weiss**
Supplemental Jurisdiction: Intentional Infliction of Emotional Distress – Assault - False Imprisonment

## I. INTRODUCTION

Plaintiff, Margaret A. Conner, brings this civil rights 42 U.S.C. § 1983 municipal liability claim, and employment discrimination action against Lancaster County. Defendant Lancaster County failed to properly train its supervisors about proper sexual harassment investigations and reporting, thereby exhibiting reckless disregard and indifference for the protections Plaintiff had under federal law. Defendant Troy Hatfield failed to properly supervise employees in reckless disregard and indifference to Plaintiff's equal protection rights under the 14th Amendment to the



U.S. Constitution to work in an environment free from sexual harassment. Defendants Lancaster County and Defendant Troy Hatfield allowed Plaintiff to be subjected to a hostile environment, and subsequently unlawfully terminated and retaliated against her in violation of rights secured to her under the Equal Protection Clause of the United State Constitution. Defendant Lancaster County discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. C.S.A. § 951 *et seq.* Plaintiff Conner brings her state claims against Defendant Weiss. Defendant Weiss engaged in horrendous outrageous sexual misconduct, which caused her severe emotional distress. He also confined her against her will, which is a tort of false imprisonment under Pennsylvania law.

## II. JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as a civil action arising under the laws of the United States. Jurisdiction is invoked pursuant to 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.*, which provides for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief.

2. This Court has jurisdiction over Plaintiff's state law claims pursuant to its supplemental jurisdiction as codified in 28 U.S.C. § 1367(a).

## III. VENUE

3. The actions complained of herein occurred within the jurisdiction of this Court and involve a Plaintiff who resides within its jurisdictional limits.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) & (c) because the events or omissions giving rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania, and Defendants have offices, conduct business, and can be found within this judicial district.

## IV. PARTIES

5. Plaintiff **Margaret A. Conner** ("Plaintiff") is an adult individual who resides in Lancaster County, Pennsylvania and is a citizen of the United States.

6. Defendant **Lancaster County** ("Defendant Lancaster County") is a municipality organized under the laws of the Commonwealth of Pennsylvania, which owns, operates, manages, directs and controls Lancaster County –Wide Communications. The principal place of business of Lancaster County is located at 50 N. Duke Street, Lancaster, PA 17602. Lancaster County is "an employer" within the meaning of Title VII and the PHRA. Lancaster County-Wide Communications ("Lancaster Communications") is an office or department of Lancaster County. At all times relevant hereto, Lancaster County, acting through Lancaster Communications, was responsible for the policies, practices, customs, supervision, implementation and conduct of all matters pertaining to Lancaster Communications and was responsible for the appointment, training, supervision and conduct of all personnel, including those working in Lancaster Communications in Manheim, Pennsylvania.

7. Defendant **Troy Hatfield** ("Defendant Hatfield") is a supervisor employed by Defendant Lancaster County at the Lancaster Communications.

8. Defendant **Steven Weiss** ("Defendant Weiss") was a Lancaster Communications technician and a co-worker of the Plaintiff during all times relevant to this complaint.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff has exhausted all applicable administrative remedies under Title VII and the PHRA.

10. On or about April 24, 2007, Plaintiff filed an employment discrimination charge against Defendant Lancaster County with the EEOC, at Charge No. 530-2007-02649.

11. Plaintiff's EEOC Charge was simultaneously filed with the Pennsylvania Human Relations Commission ("PHRC") at Case No. 2007-00654.

12. On August 25, 2008, the EEOC issued a Right to Sue Notice permitting Plaintiff to file suit.

## VI. DAMAGES & AMOUNT IN CONTROVERSY

13. The amount in controversy exceeds $150,000, exclusive of interest and costs.

## VII. STATEMENT OF FACTS

14. Plaintiff was employed by Defendant County beginning March 1, 1999 as a dispatcher and she was promoted to communications technician in June 2004.

15. In July 2004, Plaintiff was first subjected to vulgar statements of a sexual and offensive nature and inappropriate sexual conduct by a co-worker, Steven Weiss.

16. The first incident occurred when the Plaintiff and Defendant Weiss were alone at the Church Street Towers. Defendant exposed himself and chased the Plaintiff while

masturbating. The Plaintiff was scared Defendant would assault her because she knew he had a firearm in his car and he had a bad temper.

17. Plaintiff spoke to her supervisor, Defendant Hatfield about the incident. She was scared of retaliation by Defendant Weiss. She was scared and embarrassed that her co-workers would find out about the assault. She asked Defendant Hatfield not to take action because of her fear.

18. Despite Defendant Hatfield's professional and legal obligation under the Lancaster County Sexual Policy to initiate an immediate investigation, he failed to follow the policy, which allowed Defendant Weiss to continue assaulting and traumatizing Plaintiff for another year and a half.

19. On information and belief, Defendant Hatfield was not properly trained on investigating and reporting allegations of sexual harassment.

20. On information and belief, Defendant Hatfield failed to supervise Defendant Weiss adequately, even though he knew Defendant Weiss allegedly assaulted Plaintiff Conner.

21. Plaintiff tried to avoid Defendant Weiss and was successful in this strategy for several months.

22. Defendant Weiss told Plaintiff that she should not talk to others about what he did to her in the basement of the building. Defendant Weiss stated this in a threatening manner.

23. Plaintiff took a medical leave of absence in October 2004. When she returned to work Defendant Weiss once again masturbated beside her at work.

24. Plaintiff also reported this incident to several co-workers and a Director of Training for Defendant County, Ann Weller. Rather than initiating an investigation of the disclosure,

Director Weller instructed Plaintiff to inform Defendant Weiss that his actions made her uncomfortable.

25. Contrary to Defendant County's policy on sexual harassment Director Weller did not inform the Director of Human Resources or initiate an investigation.

26. Between December 2004 and November 2006 Plaintiff was subjected to Defendant Weiss' weekly masturbation sessions. On several occasions Defendant Weiss asked Plaintiff to touch his penis or hold it. She repeatedly told him to stop and leave her alone but he would laugh and continue masturbating.

27. On a weekly basis, Defendant Weis approached Plaintiff while she was sitting in her chair in front of her computer. During these assaults, Defendant Weiss would stand close to Plaintiff and blocked her from the door way and from getting up off her chair.

28. While Plaintiff was trapped in the room and in her chair with Defendant standing right beside her he would unzip his pants and expose his penis and state "ya' wanna' see it...you wanna' see it...don't you?"

29. During these incidents, Plaintiff could not get out of her chair and could not get to the door without touching Defendant.

30. Plaintiff was scared of Defendant, who was a large man and who had frequent outbursts of anger, and often referred to his firearms in a menacing manner.

31. After Defendant was finished masturbating, he would reach over Plaintiff's head and grab a paper towel and clean himself up, zip up his fly and return to his desk as if nothing had just happened.

32. As soon as Defendant returned to his workstation, Plaintiff would exit the room and head to the women's restroom, where she would cry or suffer from diarrhea.

33. In some cases, Plaintiff went to other offices upstairs to talk with co-workers, and in some cases shared her experiences with the co-workers.

34. These assaults and acts of confinement continued and increased, up to and including early November 2006.

35. Defendant Weiss severely distressed Plaintiff by engaging in his sexual misconduct.

36. Plaintiff was often times the only female in the work area and she felt threatened by Mr. Weiss, as he would frequently mention the many weapons he had.

37. On November 8, 2006, Defendant Weiss once again approached Plaintiff, unzipped his pants and exposed his penis. Defendant Weiss asked Plaintiff to touch him, which she refused. Defendant Weiss than started masturbating and moaning while standing beside Plaintiff and calling out her name.

38. Also on November 8, 2006, one of Plaintiff's co-workers informed Plaintiff that Defendant Weiss had grabbed the co-worker's breast. Upset that Defendant Weiss was victimizing other employees, and after a disclosure to another co-worker, Plaintiff informed Director Michael Weaver directly about the sexual harassment.

39. On November 13, 2006, Mr. Weaver, Defendant Hatfield, Ms. Flinchbaugh, and Ms. Erdman (All Defendant County Director and Supervisors) interviewed Plaintiff about her allegations of harassment.

40. During the November 13, 2006 interview, Plaintiff expressed her fear of Defendant Weiss. She also expressed she would be in trouble at work for reporting the harassment.

Plaintiff also expressed concerns that her report of sexual harassment would result in diminished prospects for fulltime employment with Defendant County.

41. Plaintiff took some time off work to seek treatment for the severe distress she was experiencing.

42. Defendant Hatfield and Mr. Weaver saw how upset Plaintiff was. They recommended Plaintiff take time off and offered to pay for her counseling.

43. On November 30, 2006, Michael Weaver informed plaintiff that her employment was terminated.

44. On information and belief, Plaintiff was terminated in retaliation for reporting the pervasive and horrendous sexual harassment at her workplace.

45. Prior to her termination, Plaintiff expressed interest in expanding her work to fulltime status on many occasions.

46. Defendant repeatedly told her that there were no positions available.

47. On information and belief, shortly after Plaintiff was terminated, Defendant County hired a full-time male worker to replace her.

48. On information and belief, other female co-workers were told that only men could secure promotions in the higher paying technology positions.

49. After completing a thorough investigation, the EEOC issued a probable cause finding that that the employer, Lancaster County acted in an unlawful manner in violation of Title VII.

## VIII. STATEMENT OF CLAIMS

### A. COUNT I – Plaintiff Conner v Lancaster County - Violation of Title VII of the Civil Rights Act of 1964 - Discrimination based on Sex

50. Paragraphs 1 – 49 are incorporated herein by reference as if set forth in their entirety.

51. Defendant Lancaster County's unlawful and discriminatory failure to promote Plaintiff because of her sex violates the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, justifying an award of back pay, front pay, benefits and compensatory damages against the Defendant Lancaster County.

### B. COUNT II - Plaintiff Conner v Lancaster County - Violation of Title VII of the Civil Rights Act of 1964 - Discrimination - Sexual Harassment

52. Paragraphs 1 – 51 are incorporated herein by reference as if set forth in their entirety.

53. Defendant Lancaster County's unlawful and discriminatory action in promoting a workplace that exposed Plaintiff to severe and pervasive sexual harassment, which materially changed the conditions of her employment violates the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, justifying an award of back pay, front pay, benefits and compensatory damages against the Defendant Lancaster County.

### C. COUNT III– Plaintiff Conner v Lancaster County - Violation of Title VII of the Civil Rights Act of 1964 - Retaliation

54. Paragraphs 1 – 53 are incorporated herein by reference as if set forth in their entirety

55. Defendant Lancaster County's unlawful and discriminatory retaliatory termination of Plaintiff's employment because of her protected activity of reporting the harassment was a willful violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

2000e, *et seq.*, justifying an award of back pay, front pay, benefits and compensatory damages against the Defendant Lancaster County.

### D. COUNT IV- Plaintiff Conner v Lancaster County - Violation of the PHRA for Sex Discrimination (Gender, Harassment, and Retaliation)

56. Paragraphs 1 – 55 are incorporated herein by reference as if set forth in their entirety.

57. Defendant Lancaster County has failed to promote Plaintiff because of her sex.

58. Lancaster County promoted a workplace that exposed Plaintiff to severe and pervasive sexual harassment, which materially changed the conditions of her employment.

59. Defendant Lancaster County's unlawful and discriminatory retaliatory termination of Plaintiff's employment because of her protected activity of reporting the harassment was a willful violation of the PHRA.

60. These actions by Defendant Lancaster County violate the provisions of the PHRA justifying an award of monetary damages, costs, pre-judgment interest, and any other relief, which this Court deems just, and appropriate.

### E. COUNT V. – Plaintiff Conner v. Lancaster County – 4th Amendment Violation - Municipal Liability under 42 U.S.C. § 1983

61. Paragraphs 1 – 60 are incorporated herein by reference as if set forth in their entirety.

62. Plaintiff is protected under the 14th Amendment to the United States Constitution from being subjected to discrimination by persons acting under color of state law on the basis of sex.

63. Defendant Lancaster County had a sexual harassment policy.

64. Defendant Lancaster County did not train all supervisors about the process for reporting and investigating allegations of sexual harassment in violation of Title VII.

65. On information and belief, as a direct result of Defendant Lancaster County's failure to train supervisors, the Plaintiff's supervisors Defendant Hatfield failed to report her allegations of sexual harassment.

66. On information and belief, as a direct result of Defendant Lancaster County's failure to train supervisors, Director Ann Weller failed to report Plaintiff's allegations of sexual harassment.

67. Because Defendant Lancaster County failed to train Defendant Hatfield and Director Ann Weller to report harassment even when the victim declares she can handle it, the Plaintiff suffered years of assaults, emotional distress, and deprivation of liberty at the hands of Defendant Weiss and in violation of her rights to equal protection under the 14th Amendment.

68. As a result of Plaintiff's supervisors failing to report the harassment, Defendant Weiss continued his harassment and placed Plaintiff in a position where she was subjected to regular exposure to Defendant Weiss's sexual harassment.

F. **COUNT VI. – Plaintiff Conner v Defendant Hatfield – 14th Amendment Violation – Supervisor Liability under 42 U.S.C. § 1983**

69. Defendant Hatfield had a pattern and practice of failing to supervise employees properly so as to reduce the exposure of other employees to violations of federal law.

70. Defendant Hatfield is a supervisors and employed by Defendant Lancaster County.

71. Defendant Hatfield had direct knowledge of Defendant Weiss's sexual harassing behavior, which was in violation of Defendant Lancaster County's policy.

72. On information and belief, despite this knowledge, Defendant Hatfield engaged in purposeful and reckless indifference to Defendant Weiss's harassment, which he knew was likely to result in a violation of federal law and Plaintiff's 14th Amendment rights to equal protection.

73. Defendant Hatfield had contemporaneous knowledge of Defendant Weiss' harassment or knowledge of a prior pattern of similar incidents.

74. On information and belief, the supervisor's inaction could send a message communicating approval to Defendant Weiss, Plaintiff, and other Defendant Lancaster County employees that sexual harassment is acceptable.

75. On information and belief, Defendant Hatfield was deliberately indifferent to protecting its employees from sexual harassment and had a policy or custom of turning a blind eye to sexual harassment and deliberate indifference to its employees' rights.

### G. COUNT VII - Plaintiff Conner v. Defendant Steven Weiss – Assault

76. Paragraphs 1 – 75 are incorporated herein by reference as if set forth in their entirety.

77. When Defendant Weiss masturbated beside Plaintiff and asked her to touch his penis, he placed Plaintiff in reasonable and immediate fear of harmful and offensive contact with his body.

78. Plaintiff did experience fear of Defendant's touching because of his conduct.

79. On information and belief, Defendant Weiss' past statements that he carried handguns in his company car, and that he would kill or hurt others was sufficient to place Plaintiff in fear of Defendant Weiss.

### H. COUNT VIII - Plaintiff Conner v Defendant Steven Weiss – Intentional Infliction of Emotional Distress

80. Paragraphs 1 – 79 are incorporated herein by reference as if set forth in their entirety.

81. Defendant Weiss intentionally and recklessly caused severe emotional distress to Plaintiff, which resulted in bodily harm to her.

82. Defendant Weiss' conduct went beyond all possible bounds of decency.

83. Defendant Weiss's actions caused Plaintiff to suffer fear, shame, humiliation, embarrassment, anger.

84. No reasonable person could be expected to endure Defendant Weiss' constant harassment, sexual exploitation, and masturbation.

85. Plaintiff suffered the distress over a long period and the intensity of distress is sufficient to constitute severe emotional distress.

### I. COUNT IX. – Plaintiff Conner v. Defendants Steven Weiss – False Imprisonment

86. Paragraphs 1 – 85 are incorporated herein by reference as if set forth in their entirety.

87. On belief and information, Defendant Weiss intentionally confined Plaintiff against her will.

88. On belief and information, Defendant Weiss coerced Plaintiff from leaving the area when he was masturbating by using his body as a barrier.

89. Defendant Weiss was not privileged to deprive the Plaintiff of her liberty.

90. As a result of Defendant's False Imprisonment, Plaintiff suffered actual legal damage.

## IX. JURY DEMAND

91. Plaintiff demands a trial by jury of all issues in this action.

## X. PRAYER FOR RELIEF

92. WHEREFORE, Plaintiff respectfully prays for judgment against the **DEFENDANT LANCASTER COUNTY** as follows:

   a. For a declaratory judgment that Defendant Lancaster County's actions complained of herein violate Title VII, the PHRA and the 14th Amendment equal protection clause of the Federal Constitution;

   b. For declaratory judgment that Defendant Lancaster County engaged in a pattern and practice of failing to train its supervisors as to how to respond to allegations of sexual harassment;

   c. For declaratory judgment that Defendant Lancaster County engaged in a pattern and practice of failing to report, investigate, and respond to allegations of sexual harassment;

   d. For declaratory judgment that Defendant Lancaster County engaged in a pattern and practice of failing to supervise employees adequately so as to prevent violations of federal law.

   e. For a money judgment including monetary damages exceeding $150,000 representing compensatory damages and all compensation and monetary losses, which Plaintiff has been denied, including back pay, front pay and all other sums of money, including retirement benefits, and other employment benefits;

   f. For a money judgment for violating Title VII, the PHRA, and Plaintiff's equal protection rights under the 14th Amendment;

   g. For pre-judgment interest;

   h. For reasonable attorney fees, expert witness fees, costs and all other relief permitted by 42 U.S.C. § 1983, Title VII, the PHRA or other applicable law; and

   i. For such other relief as the Court deems just and appropriate.

93. WHEREFORE, Plaintiff respectfully prays for judgment against the **DEFENDANT HATFIELD** as follows:

   a. For a declaratory judgment that Defendant Hatfield's actions complained of herein violate the 14th Amendment equal protection clause of the Federal Constitution;

   b. For declaratory judgment that Defendant Hatfield engaged in a pattern and practice of failing to report, investigate, and respond to allegations of sexual harassment;

   c. For declaratory judgment that Defendant Hatfield engaged in a pattern and practice of failing to supervise employees adequately so as to prevent violations of federal law.

   d. For a money judgment including monetary damages exceeding $150,000 representing compensatory damages and punitive damages for violation of Plaintiff's equal protection rights under the 14th Amendment;

   e. For reasonable attorney fees, expert witness fees, costs and all other relief permitted by 42 U.S.C. § 1988, or other applicable law; and for such other relief as the Court deems just and appropriate.

94. WHEREFORE, Plaintiff respectfully prays for judgment against the **DEFENDANT STEVEN WEISS** as follows:

   a. For a money judgment including monetary damages exceeding $150,000 representing compensatory and punitive damages and all compensation and monetary losses;

   b. For pre-judgment interest, attorney fees, and costs of suit;

   c. For such other relief as the Court deems just and appropriate.

**TRIQUETRA LAW**

Dated: **12/22/2008**

Sharon R. López
Attorney for the Plaintiff Margaret Conner
Pa ID # 70605
The Offices at Marion Court
35 East Orange Street, Suite 301
Lancaster, PA 17602
Email: Lopez@TriquetraLaw.com
(717) 299-6300 (telephone)
(717) 299-6338 (facsimile)