IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARGARET A. CONNER,              )
                                 )  Civil Action
            Plaintiff            )  No. 08-cv-05057
                                 )
      vs.                        )
                                 )
LANCASTER COUNTY, PENNSYLVANIA;  )
TROY HATFIELD, in his            )
  Individual Capacity; and       )
STEVEN WEISS,                    )
                                 )
            Defendants            )

                    *    *    *

APPEARANCES:
          SHARON R. LOPEZ, ESQUIRE and
          ANDREA C. FARNEY, ESQUIRE
               On behalf of Plaintiff

          PAUL J. DELLASEGA, ESQUIRE and
          CRYSTAL H. CLARK, ESQUIRE
               On behalf of Defendants
               Lancaster County, Pennsylvania, and
               Troy Hatfield

                    *    *    *

O P I N I O N

JAMES KNOLL GARDNER,
United States District Judge

        This matter is before the court on the Motion to

Dismiss Plaintiff's First Amended Complaint by Defendants,

Lancaster County and Troy Hatfield, which motion was filed

January 5, 2009.  After considering the briefs of the parties[1],

---

[1]     On January 5, 2009 defendants filed their Brief in Support of
Second Motion to Dismiss of Defendants, Lancaster County and Troy Hatfield.

                              (Footnote 1 continued):

and for the following reasons, I deny defendants' motion to dismiss in part and dismiss it in part as moot.

## JURISDICTION

Jurisdiction is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.  The court also has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

## VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because the events giving rise to the claims allegedly occurred in Lancaster County, Pennsylvania, which is in this judicial district.

## FIRST AMENDED COMPLAINT

On December 24, 2008 plaintiff Margaret A. Conner, an employee of Lancaster County, Pennsylvania, filed a nine-count First Amended Complaint against defendants Lancaster County, Pennsylvania, Troy Hatfield and Steven Weiss.

---

(Continuation of footnote 1):

       On January 22, 2009 plaintiff filed her Memorandum in Opposition to Defendant Lancaster County's Motion to Dismiss Portions [of] Plaintiff's First Amended Complaint.

       On January 29, 2009 defendants filed the Reply Brief in Support of Second Motion to Dismiss of Defendants, Lancaster County and Troy Hatfield.

       On May 24, 2009 plaintiff filed her Surreply Brief in Opposition to Defendants Lancaster County and Troy Hatfield's Motion to Dismiss (Doc. 18) Portions of Plaintiff's First Amended Complaint (Doc. 17).

Plaintiff's claims arise from the alleged sexual harassment by defendant Steven Weiss, a co-employee. Specifically, plaintiff alleges that from July 2004 through November 2006 Mr. Weiss sexually harassed her at their workplace.

The First Amended Complaint alleges multiple claims involving both state and federal law.  Specifically, plaintiff raises five claims against the County defendant:

(1) gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII") (Count I);

(2) promoting a hostile work environment in violation of Title VII (Count II);

(3) retaliation in violation of Title VII (Count III);

(4) state law violations under the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, No. 222, §§ 1-13, as amended, 43 P.S. §§ 951-963 ("PHRA"), alleging gender discrimination, hostile work environment and retaliation (Count IV); and

(5) a federal claim pursuant to 42 U.S.C. § 1983 for violation of the Fourteenth Amendment to the United States Constitution alleging a deprivation of liberty interests and equal protection of the law (Count V)[2].

---

[2]     Plaintff also includes allegations of assault and emotional distress in her Section 1983 claim.  However, as noted below, neither assault nor emotional distress are claims cognizable under the United States Constitution.

Plaintiff asserts one claim against defendant Troy Hatfield, in his individual capacity[3], for supervisory liability pursuant to 42 U.S.C. § 1983 ("Section 1983") (Count VI).

Finally, plaintiff avers three pendent state law claims against defendant Steven Weiss: (1) assault (Count VII); (2) intentional infliction of emotional distress (Count VIII); and (3) false imprisonment (Count IX).  These state law claims against defendant Weiss are not at issue in the within motion to dismiss.

In her First Amended Complaint, plaintiff seeks a declaratory judgment against defendants County and Hatfield ("County Defendants"); a money judgment for money damages and compensatory damages exceeding $150,000.00 against all defendants; punitive damages against defendants Hatfield and Weiss; back pay, front pay, retirement and other employment benefits against defendant County; attorney fees and costs of suit against all defendants; expert witness fees against defendants County and Hatfield; pre-judgment interest against defendants County and Weiss; and such other relief as the court deems just and appropriate.

---

[3]    Although the body of the First Amended Complaint does not state that defendant Hatfield is being sued in his individual capacity (see Count VI, paragraphs 69-75), the caption of the First Amended Complaint so indicates.

-4-

PROCEDURAL HISTORY

Plaintiff Margaret A. Conner commenced this action by filing her initial Complaint against Lancaster County, Pennsylvania, Steven Weiss and Steven Palumbo on October 23, 2008.  On November 17, 2008 the Motion to Dismiss of Defendant, Lancaster County was filed.

On December 24, 2008 plaintiff filed her First Amended Complaint against Lancaster County, Troy Hatfield and Steven Weiss.  Because plaintiff does not mention Steven Palumbo in her First Amended Complaint, Mr. Palumbo, who was sued in the initial Complaint, was effectively terminated from the litigation on December 24, 2008.

Thereafter, on January 5, 2009, the County Defendants filed their Motion to Dismiss Plaintiff's First Amended Complaint by Defendants, Lancaster County and Troy Hatfield.  It is this second motion to dismiss which is the motion presently before the court for disposition.

On January 14, 2009 I entered an Order, filed January 15, 2009, dismissing as moot defendant Lancaster County's first motion to dismiss.

STANDARD OF REVIEW

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."  A 12(b)(6) motion requires the court to

examine the sufficiency of the complaint.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Ordinarily, a court's review of a motion to dismiss is limited to the contents of the complaint, including any attached exhibits. <u>See</u> <u>Kulwicki v. Dawson</u>, 969 F.2d 1454, 1462 (3d Cir. 1992).

Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2).  That rule requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  <u>Twombly</u>, 550 U.S. at 555, 127 S.Ct. at 1964, 167 L.Ed.2d at 940.

Additionally, in determining the sufficiency of a complaint, the court must accept as true all well-pled factual allegations and draw all reasonable inferences therefrom in the light most favorable to the non-moving party.  <u>Worldcom, Inc. v. Graphnet, Inc.</u>, 343 F.3d 651, 653 (3d Cir. 2003).  Nevertheless, a court need not credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss.  <u>In re Burlington Coat Factory Securities Litigation</u>, 114 F.3d 1410, 1429-1430 (3d Cir. 1997).

In considering whether the complaint survives a motion to dismiss, both the District Court and the Court of Appeals

-6-

review whether it "contain[s] either direct or inferential
allegations respecting all the material elements necessary to
sustain recovery under *some* viable legal theory."  Twombly,
550 U.S. at 562, 127 S.Ct. at 1969, 167 L.Ed.2d at 944 (quoting
Car Carriers, Inc. v. Ford Motor Company, 745 F.2d 1101, 1106
(7th Cir. 1984) (emphasis in original));  Haspel v. State Farm
Mutual Auto Insurance Company, 241 Fed.Appx. 837, 839
(3d Cir. 2007).

FACTS

Based upon the facts alleged in plaintiff's First
Amended Complaint, and the reasonable inferences from those facts
in the light most favorable to plaintiff, which I must accept as
true under the foregoing standard of review, the pertinent facts
are as follows.

On March 1, 1999 plaintiff was employed by Lancaster
County, Pennsylvania, as a dispatcher.  She was promoted to the
position of communications technician in June 2004.[4]  In July
2004 plaintiff was first subjected to vulgar statements of a
sexual and offensive nature and inappropriate sexual conduct by
her co-worker, defendant Steven Weiss.[5]

The first incident occurred while plaintiff and
defendant Weiss were alone at the Church Street Towers.  Mr.

---

[4]     Plaintiff's First Amended Complaint ("Complaint") at paragraph 14.

[5]     Complaint ¶ 15.

Weiss exposed himself and chased plaintiff while masturbating.
Plaintiff was scared that defendant Weiss would assault her
because she knew he had a firearm in his car, and he had a bad
temper.[6]  Moreover, defendant Weiss told her in a threatening
manner that she should not talk to others about what he did to
her in the basement of the building.[7]

Plaintiff spoke to her supervisor, defendant Troy
Hatfield, about the incident.  However, she asked him not to take
action because of her fear that Mr. Weiss would retaliate.
Moreover, plaintiff was also scared and embarrassed that her
co-workers would learn about the assault.[8]

Mr. Hatfield did not initiate an immediate
investigation of plaintiff's allegations as required by the
Lancaster County Sexual Policy.  His failure to follow policy
allowed Mr. Weiss to continue assaulting and traumatizing
plaintiff for another year and a half.[9]

Plaintiff successfully avoided defendant Weiss for
several months after the initial incident.  In October 2004, she
took a medical leave of absence.[10]

---

[6]     Complaint ¶ 16.

[7]     Complaint ¶ 22.

[8]     Complaint ¶ 17.

[9]     Complaint ¶¶ 17-18.

[10]    Complaint ¶¶ 21 and 23.

When plaintiff returned to work, Mr. Weiss again masturbated beside her at work.[11]  Plaintiff reported this incident to several co-workers and Ann Weller, the Director of Training for Lancaster County.  Rather than initiating an investigation of the disclosure, Director Weller instructed plaintiff to inform Mr. Weiss that his actions made her uncomfortable.[12]

Between December 2004 and November 2006 plaintiff was subjected to defendant Weiss' weekly masturbation sessions.  On several occasions defendant Weiss asked plaintiff to touch his penis or hold it.  She repeatedly told him to stop and leave her alone but he would laugh and continue masturbating.[13]

On a weekly basis, defendant Weiss approached plaintiff while she was sitting in her chair in front of her computer.  He would stand close to her, block the doorway and block her from getting up.[14]  She could not get out of her chair or to the door without touching defendant.[15]

After Weiss was finished masturbating, he would reach over plaintiff's head and grab a paper towel and clean himself

---

[11]     Complaint ¶ 23.

[12]     Complaint ¶ 24.

[13]     Complaint ¶ 26.

[14]     Complaint ¶ 27.

[15]     Complaint ¶ 29.

up.  Weiss would then zip up his fly and return to his desk as if
nothing had happened.[16]

Plaintiff was afraid of Mr. Weiss.  He was a large man
who had frequent outbursts of anger.  Moreover, he often referred
to his firearms in a menacing manner.[17]

When Mr. Weiss would return to his work station,
plaintiff would go to the restroom, where she would cry or suffer
from diarrhea.[18]  In some cases, plaintiff would share her
experiences with her co-workers.[19]  These incidents continued and
increased to and including early November 2006.[20]

Another similar incident took place on November 8,
2006.  On that occasion, defendant Weiss again approached
plaintiff, unzipped his pants and exposed his penis.  He asked
plaintiff to touch him, which she refused.  He then started
masturbating while standing beside plaintiff and calling out her
name.[21]

On the same day a co-worker informed plaintiff that Mr.
Weiss had grabbed the co-worker's breast.  Upset that defendant
Weiss was victimizing employees, plaintiff disclosed to another

---

[16]  Complaint ¶ 31.

[17]  Complaint ¶ 30.

[18]  Complaint ¶ 32.

[19]  Complaint ¶ 33.

[20]  Complaint ¶ 34.

[21]  Complaint ¶ 37.

-10-

co-worker what was occurring, and then informed Director Michael Weaver directly about the sexual harassment.[22]

On November 13, 2006 Director Weaver and supervisors Troy Hatfield, Ms. Flinchbaugh and Ms. Erdman interviewed plaintiff about her harassment allegations.[23]  During this interview, plaintiff expressed her fear of defendant Weiss.  She also expressed her concern that she would be in trouble at work for reporting the harassment and her concerns that her report of sexual harassment would result in diminished prospects for full-time employment with defendant County.[24]

Seeing how upset plaintiff was, defendant Hatfield and Director Weaver recommended that plaintiff take time off and offered to pay for her counseling.[25]  On November 30, 2006 Director Weaver informed plaintiff that her employment was terminated.[26]

Prior to her termination, plaintiff expressed interest in expanding her work to full-time status on many occasions. However, the County repeatedly told her that there were no positions available.[27]  Other female co-workers were told that

---

[22]    Complaint ¶ 38.

[23]    Complaint ¶ 39.

[24]    Complaint ¶ 40.

[25]    Complaint ¶ 42.

[26]    Complaint ¶ 43.

[27]    Complaint ¶¶ 45-46.

only men could secure promotions in the higher paying technology positions.[28]  Shortly after plaintiff's termination, the County hired a full-time male worker to replace her.[29]

On April 24, 2007 plaintiff filed an employment discrimination charge against Lancaster County with the Equal Employment Opportunity Commission ("EEOC") at Charge No. 530-2007-02649.[30]  Plaintiff's EEOC charge was simultaneously filed with the Pennsylvania Human Relations Commission at Case No. 2007-00654.[31]  After completing a thorough investigation, the EEOC issued a probable cause finding that the employer, Lancaster County, acted in an unlawful manner in violation of Title VII.[32] On August 25, 2008 the EEOC issued a Right to Sue Notice, permitting plaintiff to file suit.[33]

<u>CONTENTIONS OF THE PARTIES</u>

<u>Defense Contentions</u>

In their motion to dismiss plaintiff's First Amended Complaint, the County Defendants contend that plaintiff's Section 1983 claims are barred by the statute of limitations. Specifically, the County Defendants claim that Counts V and VI of

---

[28]     Complaint ¶ 48.

[29]     Complaint ¶ 47.

[30]     Complaint ¶ 10.

[31]     Complaint ¶ 11.

[32]     Complaint ¶ 49.

[33]     Complaint ¶ 12.

plaintiff's Amended Complaint are barred because Section 1983 requires claims to be brought within two years of the alleged violation.

The County Defendants further contend that because plaintiff notified her supervisors during the months of July and October 2004 about the alleged sexual harassments, but did not bring suit until October 23, 2008, her claims are barred. Accordingly, the County Defendants assert that any events occurring before October 23, 2006 are outside the statute of limitations and should be dismissed.

Next, defendant County argues that plaintiff's state law claims for assault, intentional infliction of emotional distress, and false imprisonment should be dismissed with prejudice.  The County contends that, to the extent these claims assert that defendant Weiss was acting within the scope of his employment as a County employee, these claims are barred by the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. §§ 8501 to 8564 ("PSTCA").

The County further contends that local agencies, like itself, are immune from such claims under the PSTCA because there are only eight exceptions to governmental immunity in that statute, and plaintiff's claims do not qualify for any of them. The County argues that plaintiff's tort claims against the County should be dismissed because under the PSTCA, the County is immune

from tort liability, except under limited circumstances set forth in 42 Pa.C.S.A. § 8542.  The County avers that because plaintiff's allegations do not satisfy those limited circumstances, her tort claims against the county must fail.

The County also avers that to the extent plaintiff's claims for assault, infliction of emotional distress and false imprisonment are being advanced under the theory of respondeat superior liability against the County, they should be dismissed with prejudice.  The County contends that an assault committed by an employee against another employee for personal reasons is outside the scope of one's employment and therefore the County is not responsible for those actions.

The County further argues that plaintiff's claims for intentional infliction of emotional distress are barred by the Workers Compensation Act, Act of June 2, 1915, P.L. 736, art. III, § 303, as amended, 77 P.S. § 481(a) ("WCA").  The County avers that it is not legally responsible for the intentional torts of its employees covered under the WCA.

Regarding punitive damages, the County argues that, as a municipality, it is immune under Section 1983 from punitive damages for the actions of its employees, defendants Weiss and Hatfield, acting in their official capacities.  The County also contends that under PSTCA, local agencies are immune from punitive damages as well.  Finally, the County asserts that any

claims against defendants Hatfield and Weiss in their official
capacities are really a suit against the County.  Thus, the
County argues that any claim for punitive damages against these
defendants in their official capacities must also be dismissed.

<u>Plaintiff's Contentions</u>

In response to defendant's argument that plaintiff's
Section 1983 claims are barred under the statute of limitations,
plaintiff argues a continuing violation theory.  Plaintiff agrees
that Section 1983 claims follow the Pennsylvania state two-year
personal injury statute of limitations.  Under Pennsylvania law,
there is a two-year statute of limitations on a personal injury
action "which is founded on negligence, intentional, or otherwise
tortious conduct".  42 Pa.C.S.A. § 5524.

In Pennsylvania the two-year statute of limitations
begins running at the time of accrual of the injury.  However,
plaintiff asserts that federal law determines when accrual
occurs.  Moreover, plaintiff argues that accrual depends on
whether the injury is a result of a discrete act or a continuing
violation.  Plaintiff contends that a continuing violation
encompasses all acts which make up a hostile work environment or
the unlawful employment practice, so long as each act is part of
a whole.

Plaintiff avers that she comes within the limitations
period because the actions of defendant Weiss constitute a

continuing violation of her rights.  Plaintiff also contends that she has pled enough facts in her Amended Complaint to satisfy the Twombly standard of review.

Regarding plaintiff's claims of assault, intentional infliction of emotional distress, and false imprisonment, plaintiff does not contest the County's claim of immunity regarding a claim of that nature under the PSTCA.  However, plaintiff asserts that she is not bringing these state claims against the County, but only against defendant Weiss in his individual capacity.

Defendants' motion to dismiss seeks dismissal of plaintiff's Section 1983 claims being pursued under a theory of respondeat superior.  Plaintiff responds that defendants' motion on this ground should be dismissed as moot because plaintiff is not suing the County under that theory.  Rather, plaintiff argues, she is suing defendant Hatfield only, in his individual capacity, under that theory.

Regarding plaintiff's claim for punitive damages, plaintiff concedes that the County defendant is immune from punitive damages.  That is why plaintiff is seeking punitive damages only against defendants Hatfield and Weiss and is not requesting punitive damages from the County.  Plaintiff is suing Weiss and Hatfield only in their individual capacities, and not in their official capacities.  Therefore, plaintiff contends that

defendants' motion to dismiss regarding punitive damages should
be dismissed as moot.

DISCUSSION

Defendants have not attacked Counts I-IV on either
procedural or substantive grounds in their motion to dismiss
plaintiff's First Amended Complaint.  Therefore, these claims are
not addressed.

However, defendants do contest Counts V and VI on
procedural grounds in their motion.  Defendants argue that
plaintiff's Section 1983 claims are barred by the statute of
limitations.  Plaintiff argues that Counts V and VI are not
barred because they fall under the continuing violation theory,
on infrequent exception to the statute of limitations.  For the
following reasons, I agree with plaintiff.

Moreover, County Defendants do not address Counts VII-
IX in their motion to dismiss except to the extent of arguing
that the County is immune from liability if plaintiff is suing
defendant Weiss in his official capacity.  However, because
plaintiff has made it more than clear that she is not suing Weiss
in his official capacity, defendants' motion to dismiss Counts
VII-IX is dismissed as moot.

Finally, plaintiffs agree with the County that the
County is not liable for punitive damages.  For this reason,
plaintiff is not seeking such damages from the County but is only

seeking punitive damages from defendants Hatfield and Weiss in
their individual capacities.  Accordingly, the County's motion to
dismiss plaintiff's claims for punitive damages is dismissed as
moot.

Continuing Violations Theory

The County Defendants argue that plaintiff's Section
1983 claims are time-barred.  It is well settled that Section
1983 claims follow the forum state's statute of limitations for a
personal injury claim.  Porter v. Intermediate Unit I, O'Shea, &
Conrady, 2007 U.S. Dist.LEXIS 65427, *7-8 (W.D.Pa. Sept. 5, 2007)
(Fischer, J.) (citing Wilson v. Garcia, 471 U.S. 261, 276,
105 S.Ct. 1938, 1947, 85 L.Ed.2d 254, 266 (1985) (superseded by
statute on other grounds)).

In Pennsylvania the proper limitations period, governed
by 42 Pa.C.S.A. § 5524, is two years.  Smith v. City of
Pittsburgh, 764 F.2d 188, 194 (3d Cir. 1985).  Federal law
however, determines the accrual date for when the statute of
limitations begins to run.  Baron v. Allied Artists Pictures
Corporation, 717 F.2d 105, 108 (3d Cir. 1983).

The accrual date, however, varies depending on the type
of discriminatory act taking place.  If it is a discrete act or
single incident of discrimination, then the accrual date occurs
when the act is completed or communicated to the plaintiff.  See
National Railroad Passenger Corporation v. Morgan,

-18-

536 U.S. 101, 105, 122 S.Ct. 2061, 2068, 153 L.Ed.2d 106, 117 (2002); Delaware State College v. Ricks, 449 U.S. 250, 258-259, 101 S.Ct. 498, 504, 66 L.Ed.2d 431, 440 (1980).

In Pennsylvania, plaintiff then has 300 days after the incident occurs to file a charge with the EEOC.  Morgan, 536 U.S. at 110, 122 S.Ct. at 2070, 153 L.Ed.2d at 120 (2002); Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000). If the conduct consists of ongoing, repeated discriminatory acts, such as a hostile work environment claim, then the accrual date may be governed by the continuing violation theory.

The continuing violation theory is an "equitable exception to the timely filing requirement."  West v. Philadelphia Electric Company, 45 F.3d 744, 754 (3d Cir. 1995). Originally applied to Title VII cases, it is equally applicable to Section 1983 claims.  O'Connor v. City of Newark, 440 F.3d 125, 128 (3d Cir. 2006).  Under the continuing violations theory, so long as the last act occurred within the limitations period, "the court will grant relief for the earlier related acts that would otherwise be time barred."  Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1295 (3d Cir. 1991).

"In order to benefit from the doctrine, a plaintiff must establish that the defendant's conduct is 'more than the occurrence of isolated or sporadic acts.'"  United States v.

<u>Cowell</u>, 263 F.3d 286, 292 (3d Cir. 2001) (<u>quoting</u> <u>West</u>, 45 F.3d at 755).

When determining if the continuing violations theory is applicable, courts consider three factors:

> (i) subject matter — whether the violations constitute the same type of discrimination; (ii) frequency; and (iii) permanence — whether the nature of the violations should trigger the employee's awareness of the need to assert her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate.

<u>West</u>, 45 F.3d at 755 n. 9.

Courts agree that the third factor, degree of permanence, is the most important.  <u>See</u> <u>Cowell</u>, <u>supra</u>; <u>Schneck v. Saucon Valley School District</u>, 340 F.Supp.2d 558, 580 (E.D.Pa. 2004) (Brody, J.);  <u>Porter</u>, 2007 U.S.Dist. LEXIS 65427, at *16. In evaluating this factor, the court should consider the policy rationale behind the statute of limitations; that is, the continuing violations doctrine should not provide a means for relieving plaintiffs from their duty to exercise reasonable diligence in pursuing their claims.  <u>Cowell</u>, 263 F.3d at 295.

A plaintiff satisfies the third factor when plaintiff is put on notice of, or is aware of, defendant's wrongful conduct so much as to trigger the plaintiff's duty to assert her rights arising from a discrete act of deprivation, such as a lost job or a denied promotion.  <u>See</u> <u>West</u>, 45 F.3d at 756.

The United States Supreme Court refers to discrete acts, such as "termination, failure to promote, denial of transfer [and] refusal to hire" as easy to identify.  <u>Morgan</u>, 536 U.S. at 114, 122 S.Ct. at 2073, 153 L.Ed.2d at 122.  Although this list is not exclusive, the Supreme Court distinguishes between a "series of separate acts that collectively constitute one unlawful employment practice" and distinct acts that occur in isolation, such as termination.  <u>Morgan</u>, 536 U.S. at 116-117, 122 S.Ct. at 2074, 153 L.Ed.2d at 124 (<u>quoting</u> 42 U.S.C. § 2000e-5(e)(1))(internal quotations omitted)).  The present claim is the former.

I conclude that plaintiff satisfies the first two factors of the <u>West</u> test.  Regarding the first <u>West</u> factor, similarity of violations, in her hostile-work-environment claim plaintiff asserts that each incident was of the same nature; that is, that Mr. Weiss sexually harassed her by masturbating in her presence.

Regarding the second <u>West</u> factor, frequency, plaintiff alleges that this harassment occurred consistently on a weekly basis for about two years.

Concerning the third <u>West</u> factor, permanence, the parties disagree on whether County Defendants' actions or defendant Weiss's actions had a degree of permanence which should

have triggered plaintiff's awareness of the need to assert her
rights earlier.

Plaintiff contends that the actions or inactions of her
supervisors were not discrete acts that triggered an obligation
to assert her rights.  Instead, plaintiff contends, the
conversations with her supervisors and the recurring
inappropriate conduct of defendant Weiss are a series of events
and that her claims are based on the cumulative effect of those
individual acts.  Further, she contends that she was unaware of
the County's discriminatory acts until her employment was
terminated on November 30, 2008.

The County Defendants aver that all events which
allegedly occurred more than two years prior to October 2008 are
time-barred because plaintiff reported complaints of sexual
harassment to defendant Hatfield and Director Weller in July and
October of 2004, but did not file a claim until October 2008.  I
disagree.

Although plaintiff did complain to her superiors about
the sexual harassment to which she was subjected by defendant
Weiss, defendants did not engage in any discrete action that
would trigger an obligation for plaintiff to assert her rights,
beyond those complaints, until her employment was terminated on
November 30, 2006.  See West, 45 F.3d at 756.  Accepting
plaintiff's alleged facts as true, and drawing all reasonable

-22-

inferences therefrom, as I am required to do, it was not until then that plaintiff became fully aware of her need to assert her rights beyond complaints to her supervisors.  Moreover, although plaintiff was clearly aware that she had been wronged by Mr. Weiss, she was not aware of the extent of harm caused by the inaction of the County Defendants.[34]

The events leading up to plaintiff's termination, such as her supervisors's failure to act, may not have been actionable on their own, although a "company's notice of [sexual] harassment is always relevant...because it bears upon the duty of the company to investigate and to remedy the hostile work environment."  West, 45 F.3d at 756 n.10.  On the contrary, it was in the aggregate that defendant Weiss's inappropriate actions, and the failure of plaintiff's supervisors to act, created her hostile work environment claim.  See O'Connor, 440 F.3d at 127.

Plaintiff's termination occurred on November 30, 2006, which was less than 300 days before her Complaint was filed with the EEOC.  At this stage in the pleading, the facts alleged in the Amended Complaint, which I must accept as true, are

---

[34]    See Schneck, 340 F.Supp.2d at 581-582, where the court concluded that defendant's acts had a degree of permanence which triggered an obligation on plaintiff to assert his rights because he had assistance of counsel from the time of defendant's first violation; see also Porter, 2007 U.S.Dist. LEXIS 65427, at *19-*20, where the court concluded that plaintiff's claims were time-barred because she filed a grievance after almost every adverse employment action for eight consecutive years.

sufficient to establish a pattern of discriminatory behavior for
a continuing violations theory.  Therefore, because I conclude
that plaintiff's termination was the discrete event which
triggered plaintiff to assert her rights, and the termination
occurred prior to the tolling of the statute of limitations,
plaintiff's case can proceed and will not be limited to
occurrences within two years prior to her termination.

### Plaintiff's State Law Claims

Plaintiff agrees that the County is immune to her state
tort claims of assault, intentional infliction of emotional
distress and false imprisonment under the PSTCA.  However,
plaintiff did not bring any such claims against the County in her
Amended Complaint.  Rather, plaintiff brings these claims against
defendant Weiss in his individual capacity only.

In addition, the County argues that plaintiff's claim
of intentional infliction of emotional distress is barred under
the WCA.  However, because plaintiff does not bring any claim
against the County for intentional infliction of emotional
distress, it is unnecessary to discuss the WCA bar to this claim.
Accordingly, I dismiss this aspect of defendants' motion to
dismiss as moot.

### Plaintiff's Fourteenth Amendment Claims

Plaintiff agrees that the County is not liable under
the theory of respondeat superior under Section 1983.  Rather,

-24-

plaintiff brings a supervisory liability claim under Section 1983 against defendant Hatfield in his individual capacity only for violations of the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff does not bring respondeat superior claims against the County under Section 1983.  Plaintiff instead brings her claims against the County under Title VII respondeat superior liability. Accordingly, I dismiss as moot defendants' motion to dismiss to the extent it seeks dismissal of any § 1983 respondeat superior claim against the County.

## Punitive Damages

Plaintiff does not contest the County's immunity from punitive damages under the PSTCA.  Plaintiff agrees that a Section 1983 claim against an individual in his official capacity is essentially a suit against the County, and that the County is not liable for punitive damages.  However plaintiff's First Amended Complaint clearly states that she is not suing either defendant Weiss or Hatfield in their official capacities. Rather, she is only suing them in their individual capacities. Accordingly, the County's motion to dismiss punitive damages claims against it is dismissed as moot.

## CONCLUSION

For all the foregoing reasons, the County defendants' motion to dismiss plaintiff's First Amended Complaint is denied

in part and dismissed in part as moot.  Defendants Lancaster
County and Troy Hatfield shall have until October 23, 2009 to
file an Answer to plaintiff's First Amended Complaint.